**Robert K. ZABKA, Plaintiff–Appellant,**

v.

**State of ILLINOIS, et al.,**
**Defendants–Appellees**

No. 02–1355.

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 1, 2002.*

Decided Aug. 5, 2002.

Before POSNER, EASTERBROOK and MANION, Circuit Judges.

**ORDER**

Robert Zabka brought suit under 42 U.S.C. § 1983 and the Racketeer Influ-

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

enced and Corrupt Organizations Act against the State of Illinois, as well as the state's governor, attorney general, and public health director, alleging that the defendants had violated his constitutional rights and defrauded him when they took steps to close his nursing home business. Both the suit and the appeal are frivolous, so we affirm and also order Zabka to show cause why he should not be sanctioned for continuing to litigate claims that have no even remote prospect of success.

Zabka owned and operated the Heritage House of Charleston, a nursing home for the developmentally disabled located in Charleston, Illinois. Because conditions at Heritage House violated numerous provisions of the Illinois Nursing Home Care Act, a state court in June 2000 appointed a receiver to operate the facility, and Zabka agreed to turn over possession and management of Heritage House to a third party and to surrender his nursing home license. A year later Zabka brought this action in the Southern District of Illinois, alleging that the defendants offered him "an opportunity to remain viable in the health care business" but then terminated his business in violation of his constitutional rights. In a separate count Zabka went on to say that "misrepresentation and/or fraud is the gist of this action and Plaintiff should be entitled to punitive damages under a RICO conspiracy." Zabka sought $6 million on the civil rights count and $500 million in punitive damages on the RICO claim. After the case was transferred to the Central District of Illinois (the proper venue), the defendants filed a motion to dismiss for failure to state a claim, which the district court granted.

■■■ On appeal Zabka fails to offer a non-frivolous argument why the district court improperly dismissed his case. His brief is perfunctory and virtually incomprehensible. With respect to his § 1983 claim, the district court concluded that the state is the real party in interest because Zabka sued the individual defendants in their official capacities only, *see Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985), and Zabka—who has been represented by the same lawyer in the district court and on appeal—offers no reason to think that this treatment was incorrect. Instead, the only remotely intelligible contention in Zabka's brief—which omits record citations and a statement of the standard of review, in violation of Federal Rule of Appellate Procedure 28—is that the court should have allowed him to amend his complaint to plead an individual capacity suit. The argument is frivolous because the defendants noted in their motion to dismiss that Zabka had brought his claims against their offices, and he could at that point have amended his complaint without the court's leave yet he did not do so. *See Camp v. Gregory*, 67 F.3d 1286, 1289 (7th Cir.1995). Zabka's § 1983 claim is frivolous because it is made against the state, and states are not "persons" amenable to a suit for damages under § 1983. *See Lapides v. Bd. of Regents*, —— U.S. ——, ——, 122 S.Ct. 1640, 1643, 152 L.Ed.2d 806 (2002). Zabka's RICO claim is equally frivolous, for it is premised upon fraud, which Zabka did not plead with particularity as required by Federal Rule of Civil Procedure 9(b). *See, e.g., Slaney v. The Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 597 (7th Cir.2001).

We therefore affirm the judgment of the district court. Zabka is directed to show cause why he should not be sanctioned for filing a frivolous appeal. *See* Fed. R.App. P. 38. He has 21 days to file a response.

AFFIRMED; ORDER TO SHOW CAUSE ISSUED.